IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00816

PAULA ORANSKY

        Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,
a Texas corporation

        Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant USAA Casualty Insurance Company ("USAA CIC") hereby removes the case captioned *Paula Oransky v. USAA Casualty Insurance Company*, from the District Court for the City and County of Boulder, in State of Colorado, to the U.S. District Court for the District of Colorado on the ground that jurisdiction exists under 28 U.S.C. § 1332. In support of removal under 28 U.S.C. § 1441(b), USAA CIC states as follows:

### BACKGROUND

On or about February 28, 2018, Plaintiff Paula Oransky commenced this action against USAA CIC by filing a Complaint in the District Court, for the City and County of Boulder, in the State of Colorado, bearing Civil Action No. 2018CV30191 (the "State Court Action"). On March 8, 2018, Plaintiff served the Complaint on USAA CIC.

In the Complaint, Plaintiff alleges that she was in a car accident on March 24, 2016, involving a rear-end collision. (*See* Compl., Feb. 28, 2018, attached as Exhibit 1, at ¶¶ 1-4.) At the time of the accident, Plaintiff had an insurance policy with USAA CIC. (*Id.* ¶ 6.) The policy provided coverage, subject to its terms, limits, conditions, and exclusions, for underinsured motorist ("UIM") and medical payments ("Medpay") benefits. (*Id.* at ¶¶ 7-8.) The policy limits for the coverages are $100,000, respectively. (*Id.*)

Plaintiff alleges that USAA CIC "owes both UIM and Medpay," and that USAA CIC "has failed, or refuses to pay, UIM and Medpay benefits to Plaintiff." (*Id.* at ¶¶ 29-30.) Plaintiffs assert three claims for relief: breach of contract (titled "Underinsured Motorist Claim"), violation of C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith breach of insurance contract. (*See id.* ¶¶ 35-54.) Plaintiff seeks "payment of the underinsured motorist and Medpay benefits, statutory benefits and remedies, and compensatory damages." (*Id.* at ¶ 58.) Pursuant to C.R.S. § 10-3-1116, Plaintiff also seeks "double the covered UIM and Medpay benefits and, in addition, reasonable attorneys' fees." (*Id.* at ¶ 59.)

## GROUNDS FOR REMOVAL

**I.    TIMELINESS**

USAA CIC filed this Notice of Removal within thirty days after service of the Complaint on March 8, 2018. (*See* Return of Service, Mar. 9, 2018, attached as Exhibit 2.) Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1). No previous application for removal has been made.

**II.    JURISDICTION**

Pursuant to 28 U.S.C. § 1332, the U.S. District Court for the District of Colorado has jurisdiction because Plaintiff is a citizen of the State of Colorado and USAA CIC is a citizen of the State of Texas, and because the amount in controversy exceeds $75,000.

**A.    Complete diversity exists between the parties.**

*1.    Plaintiff is a Citizen of the State of Colorado.*

A natural person is a citizen of the state in which they are domiciled. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000). To establish domicile in a particular state, a person must reside in the state and intend to remain there. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). While residence alone is not the equivalent of citizenship, "a person's place of residence is *prima facie* the domicile." *See Baumann v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-00789-CMA-BNB, 2011 WL 2709121, at *2 (D. Colo. July 12, 2011) (internal quotation marks omitted) (quoting *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)); *see also Herrera v. Am. Gen. Life Ins. Co.*, 10-cv-02665-WDM-MJW, 2011 WL 166688, at *1 (D. Colo. Jan. 19, 2011) (denying motion to remand when, *inter alia*, plaintiff did "not dispute that she [was] a citizen of Colorado").

In the initial pleading, Plaintiff does not allege facts to her establish her citizenship, domicile, or residency. (*See generally* Compl., Ex. 1.) In many circumstances, the absence of such allegations in the pleadings would make it difficult to ascertain removability at this stage of the case. However, Plaintiff is actively pursuing an employment discrimination and wrongful termination case, which was removed to the U.S. District Court for the District of Colorado on February 1, 2018, on the basis that diversity jurisdiction existed under § 1332. *See Paula*

*Oransky v. Martin Marietta Materials, Inc.*, No. 18-cv-266-MSK-MJW (D. Colo.) (the "Employment Lawsuit").

In the complaint filed in the Employment Lawsuit on January 12, 2018, Plaintiff made specific allegations about her residency in the State of Colorado: "Plaintiff Paula A. Oransky is a natural person and a resident of the State of Colorado and the County of Boulder." (Compl., Jan. 12, 2018 (docketed on ECF on Feb. 1, 2018), attached as Exhibit 3, at ¶ 4.[1]) Further, Plaintiff made specific allegations about her home in Erie, Colorado, and her intent to remain there: "Plaintiff Oransky lives with her husband and two children at 920 Summer Way, Erie, Colorado, in a home they purchased in December, 2014, so that she and her family could reside close to her place of employment with Martin Marietta" (*Id.* at ¶ 5.)

In addition to the jurisdictional allegations in the Employment Lawsuit, Plaintiff's policy of insurance with USAA CIC—the policy at issue in the instant lawsuit—provides further evidence of Plaintiff's residence and domcile in the State of Colorado. Before the subject accident, USAA CIC issued the policy to Plaintiff at her address in Erie, Colorado. (Declaration Page, attached as Exhibit 4.) And the policy provided coverage for one vehicle "principally garaged" in Erie, Colorado. (*Id.*)

The allegations in the Employment Lawsuit, combined with the facts gleaned from the policy at issue in the Complaint, evince that Plaintiff resides in Erie, Colorado, and intends to remain there. Accordingly, Plaintiff is a citizen of the State of Colorado.

---

[1] The Court may consider "summary-judgment-type evidence" to support jurisdiction. *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (internal quotation marks omitted) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

    2.  *USAA CIC is a citizen of the State of Texas.*

In analyzing diversity of citizenship, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Defendant USAA CIC is an insurance company organized under the laws of the State of Texas. (Declaration of A. Cook, attached as Exhibit 5, at ¶ 3.) Its officers direct, control, and coordinate all of USAA CIC's activities from its corporate headquarters in San Antonio, Texas. (*Id.* at ¶ 4.) Thus, USAA CIC's principal place of business is also in the State of Texas. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Therefore, USAA CIC is a citizen of the State of Texas.

Because Plaintiff and USAA CIC are citizens of different states, and because USAA CIC is not a citizen of the State of Colorado, complete diversity exists. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441; *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, at 847 & n.6 (10th Cir. 1988) (holding direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

  **B.**  **The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

In removed cases, "the amount in controversy must be evident from the allegations of either the complaint or the notice of removal." *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007). Here, the amount in controversy is evident because Plaintiff alleged in the Complaint that USAA CIC "breached its contract" by, *inter alia*, failing to pay UIM benefits "to Plaintiff in excess of $20,000." (Compl., Ex. 1, at ¶¶ 22, 32.) Further, before commencing the litigation, Plaintiff demanded that USAA CIC "tender its full $100,000 policy

limits" on the UIM claim. (Excerpt of Demand Letter, Jeffress to Donaldson, attached as Exhibit 6, at 2.) Thus, the amount in controversy on the UIM claim is $80,000. Plaintiff also seeks payment of $5,527.17 on her Medpay claim. (Compl., Ex. 1, at ¶ 28.)

In addition to a prayer for contract damages that exceeds the amount-in-controversy requirement by more than $10,000, Plaintiff seeks a statutory penalty under C.R.S. § 10-3-1116(1)—"Plaintiff is entitled to double the covered UIM and Medpay benefits and, in addition, reasonable attorneys' fees." (Compl., Ex. 1, at ¶ 59). Therefore, Plaintiff seeks a statuory penalty of $171,054.34. *See Rabin v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1110-12 (D. Colo. 2012) (under C.R.S. § 10-3-1116, a plaintiff may recover two times the benefits that were unreasonably delayed or denied in addition to recovering those same benefits pursuant to a claim for breach of contract); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (court may consider potential punitive damages in determining whether the jurisdictional amount has been met). The Court may also consider Plaintiff's request for an award of attorneys' fees in evaluating whether the amount in controversy exceeds the $75,000 threshold. *See id.* ("[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.").

Finally, Plaintiff declared on the Colorado Civil Case Cover Sheet that "[a] monetary judgment over $100,000 is sought by any party against any other single party." (Cover Sheet, Feb. 28, 2018, attached as Exhibit 7, at 1-2, ¶ 2.) A civil case cover sheet is sufficient evidence to satisfy amount-in-controversy requirement. *See Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

Therefore, the relief Plaintiff seeks in the Complaint, exclusive of interest and costs, exceeds the $75,000 amount-in-controversy requirement. *See* § 1332(a).

## III. VENUE

The State Court Action is properly removed to the U.S. District Court for the District of Colorado because it is the district and division embracing the City & County of Boulder, Colorado, where the State Court Action is pending. *See* 28 U.S.C. §§ 1391, 1441(a).

## IV. PROCESS, PLEADINGS, AND ORDERS SERVED

Pursuant to 28 U.S.C. § 1446(a) and the Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of all process, pleadings, and orders available from the State Court Action as of the date of this Notice of Removal will be filed in ECF. Pursuant to D.C.COLO.LCivR 81.1(b), within 14 days of the filing of this notice, USAA CIC shall file a current docket sheet (register of actions) with the Court.

## V. NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiff, and a Notice of Filing of Notice of Removal will be filed with the Clerk of the Court in the State Court Action.

## VI. NO WAIVER

No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

For the reasons set forth above, USAA CIC gives notice that the State Court Action in the District Court for the City & County of Boulder, Colorado, is hereby removed to the U.S. District Court for the District of Colorado.

Dated: April 6, 2018

Respectfully submitted,

*I hereby certify that I am a member in good standing of the bar of this Court*

*s/ Jeremy A. Moseley*
Jeremy A Moseley
Anthony C. Barbe
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:   303.244.1879
Email:  moseley@wtotrial.com
            barbe@wtotrial.com

Attorneys for Defendant
USAA Casualty Insurance Company

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on April 6, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email:

- **Christopher W. Jeffress**
  chris@jeffresslaw.com

*s/ Jeremy A. Moseley*