| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO<br>1777 Sixth St.<br>P.O. Box 4249<br>Boulder, Colorado 80302<br>Telephone:  (303) 441-3750 | DATE FILED: February 28, 2018 2:31 PM<br>FILING ID: 5C921A2139D2E<br>CASE NUMBER: 2018CV30191 |
| Plaintiff: **PAULA ORANSKY**<br><br>v.<br><br>Defendants: **USAA CASUALTY INSURANCE COMPANY, a Texas corporation.** | ▲   COURT USE ONLY   ▲ |
| Christopher W. Jeffress<br>**JEFFRESS LAW, PC**<br>1790 38th Street, Suite 300<br>Boulder, CO 80301<br>Telephone: (303) 993-8685<br>Facsimile:  (303) 412-4213<br>Atty. Reg. 25399<br>Email:  chris@jeffresslaw.com | Case No.    Div. |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Paula Oransky, through counsel, submits the following Complaint and Jury Demand:

## FACTUAL BACKGROUND

1.      On or about March 24, 2016, Plaintiff Paula Oransky was driving a motor vehicle on westbound Isabelle Road near its intersection with Colorado Highway 287 in Boulder County, Colorado.

2.      At or near that time and place, Plaintiff stopped her vehicle behind another vehicle on westbound Isabelle Road at its intersection with Colorado Highway 287 in Boulder County, Colorado.

3.      At that time and place, Justin Fish was driving westbound on Isabelle Road at its intersection with Colorado Highway 287 in Boulder County, Colorado, directly behind the Plaintiff's vehicle.

4.      At that time and place, Mr. Fish rear-ended Plaintiff's vehicle, causing it to collide with the vehicle in front of it.

5.      At the time of the above-alleged motor vehicle collision, Mr. Fish had automobile

**Exhibit 1**

liability insurance with Allstate in the amount of $100,000.

6.     At all times material hereto, Plaintiff was insured for underinsured motorist ("UIM") benefits with USAA Casualty Insurance Company ("USAA").

7.     At all times material hereto, Plaintiff had UIM coverage with USAA in the amount of $100,000 pursuant to policy 012340062C71044. Plaintiff's claim number is 012340062-5.

8.     At all times material hereto, Plaintiff had Medical Payments ("Medpay") coverage with USAA in the amount of $100,000 pursuant to policy 012340062C71044. Plaintiff's claim number is 012340062-5.

9.     Plaintiff provided USAA with timely notice of her UIM and Medpay claims.

10.     Plaintiff kept USAA reasonably advised.

11.     Plaintiff cooperated with USAA.

12.     On or about May 24, 2017, Allstate, as Justin Fish's automobile insurance carrier, offered to resolve Plaintiff's claims against Mr. Fish for its $100,000 insurance policy limits.

13.     On or about June 4, 2017, USAA provided Plaintiff with consent to settle her claims against Justin Fish.

14.     On or about June 16, 2017, Plaintiff signed a Release resolving her claims against Mr. Fish.

15.     On or about July 13, 2017, Plaintiff sent USAA a Request for Evaluation of her UIM claim, which included a packet of her medical records, wage loss documentation, and other materials.

16.     On or about August 25, 2017, USAA offered Plaintiff $5,000 to resolve her UIM claim.

17.     On or about September 12, 2017, in response to questions USAA raised Plaintiff's representatives provided responses to USAA's questions.

18.     On or about November 30, 2017, USAA offered Plaintiff $10,000 to resolve her UIM claim.

19.     Thereafter, USAA offered to reevaluate Plaintiff's UIM claim.

20.     On December 29, 2017, USAA offered Plaintiff $20,000 to resolve her UIM claim.

21.    When Plaintiff declined USAA's offer, it requested that Plaintiff refrain from filing a lawsuit while it again reevaluated Plaintiff's claims.

22.    On February 21, 2018, USAA's claim representative informed Plaintiff's representative that USAA was not willing to pay benefits to Plaintiff in excess of $20,000.

23.    As part of its evaluation of Plaintiff's UIM claim, USAA refused to interview Plaintiff or take her statement under oath.

24.    As part of its evaluation of Plaintiff's UIM claim, USAA refused to interview Plaintiff's health care providers.

25.    On several occasions, Plaintiff's health care providers – including without limitation Boulder Brain Recovery (n/k/a Colorado Brain Recovery), Rock Creek Spine and Rehabilitation ("Rock Creek Spine"), and Marilyn Coonelly, Ph.D. ("Dr. Coonelly") – provided USAA with their records of treatment and bills for services rendered.

26.    On Plaintiff's behalf, Boulder Brain Recovery, Rock Creek Spine, and Dr. Coonelly provided Plaintiff with medical treatment that was reasonable, necessary, and related to the March 24, 2016 automobile collision.

27.    USAA refused to pay in full the bills of, *inter alia*, Boulder Brain Recovery, Rock Creek Spine and Rehabilitation, and Marilyn Coonelly, Ph.D. for services rendered.

28.    As a result of USAA's failure to pay Boulder Brain Recovery, Rock Creek Spine, and Dr. Coonelly's bills, Plaintiff paid these healthcare provider's remaining balances that, at a minimum, are in the amount of:

| | | |
|---|---|---|
| a. | Boulder Brain Recovery: | $  617.28 |
| b. | Rock Creek Spine: | $3,709.89 |
| c. | Dr. Coonelly: | $1,200.00 |
| | Total | $5,527.17 |

29.    USAA owes both UIM and Medpay benefits to the Plaintiff.

30.    Without proper investigation or documentation, USAA has failed, or refuses, to pay, UIM and Medpay benefits to Plaintiff.

31.    USAA has failed, or refuses, to honor its insurance policy.

32.    USAA has breached its contract with Plaintiff causing her to sustain injuries, damage and loss including, but not limited to, the benefits as provided by the insurance contract and by C.R.S. § 10-4-609 and its subparts.

33.     C.R.S. § 10-3-1113(4) states that willful conduct as set out in C.R.S. §§ 10-3-1104(1)(h)(I) to (1)(h)(XV) is prohibited by insurance companies and may be considered by a jury if a denial was caused by such a prohibited conduct.

34.     USAA has violated C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

## FIRST CLAIM FOR RELIEF
### (Underinsured Motorist Claim)

35.     Plaintiff incorporates all previous allegations.

36.     Allstate, as Justin Fish's insurer, paid its $100,000 policy limits to resolve Plaintiff's claim against Mr. Fish.

37.     At all times material hereto, Plaintiff had UM/UIM coverage with USAA in the amount of $100,000.

38.     Plaintiff's notice to USAA of her potential UM/UIM claim was timely.

39.     Plaintiff is entitled to payment of UIM benefits for the damages described herein.

## SECOND CLAIM FOR RELIEF
### (C.R.S. §§ 10-3-1115 and 10-3-1116)

40.     Plaintiff incorporates all previous allegations.

41.     Pursuant to C.R.S. § 10-3-1115, USAA is prohibited from unreasonably delaying or denying payment to Plaintiff of UIM and Medpay benefits due her as a result of the subject collision.

42.     USAA has violated C.R.S. § 10-3-1115 by unreasonably delaying and denying payment of UIM and Medpay benefits to Plaintiff.

43.     USAA does not have a reasonable basis for refusing to pay UIM and Medpay benefits and/or delaying evaluation of these claims under the facts and circumstances of this case.

## THIRD CLAIM FOR RELIEF
### (Bad Faith)

44.     Plaintiff incorporates all previous allegations.

45.     USAA has a duty to deal in good faith with the Plaintiff regarding her UIM and Medpay claims.

46.     The March 24, 2016 motor vehicle collision was a cause of Plaintiff's significant and permanent injuries and resulting medical treatment and expenses.

47.     USAA's denials of UIM and Medpay benefits are unreasonable, in bad faith, and in violation of C.R.S. § 10-3-1113(4), C.R.S. § 10-3-1104 and its subparts, and other statutes and laws of the State of Colorado.

48.     USAA knows or recklessly disregarded that its denials were unreasonable.

49.     C.R.S. § 10-3-1113(4) states willful conduct as set out in C.R.S. §§ 10-3-1104(1)(h)(I) to (1)(h)(XV) is prohibited by insurance companies and may be considered by a jury if a denial was caused by such a prohibited conduct.

50.     C.R.S. § 10-3-1104(1)(h)(VI) prohibits USAA from not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonable and clear.

51.     Liability is reasonably clear in this case, and USAA has failed to effectuate in good faith a fair and equitable resolution.

52.     C.R.S. § 10-3-1104(1)(h)(VII) states it is an unfair claim practice to compel "insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by insureds."

53.     USAA has compelled Plaintiff to institute litigation by refusing to pay UIM and Medpay benefits.

54.     Plaintiff has sustained emotional distress due to USAA's unreasonable conduct resulting in litigation.

## DAMAGES

55.     As a proximate result of the negligence of the Mr. Fish, Plaintiff sustained traumatic injuries to her body, including without limitation injuries to her face, head, brain, spine, and hip.

56.     As a proximate result of the conduct of the Mr. Fish, Plaintiff sustained permanent injuries; endured pain and suffering; lost enjoyment of life; sustained expenses for the services of health-care providers and medical supplies; lost income; lost time; sustained a physical impairment; and had other losses, all past and future, all to her detriment as a result of the conduct of the Mr. Fish.

57.     As a direct and proximate result of her injuries, Plaintiff has been and will be prevented from engaging in certain economic, social, and recreational activities normal to her lifestyle prior to this motor vehicle crash.

58.    Plaintiff is entitled to payment of the underinsured motorist and Medpay benefits, statutory benefits and remedies, and compensatory damages for the damages described herein.

59.    Pursuant to C.R.S. § 10-3-1116, Plaintiff is entitled to double the covered UIM and Medpay benefits and, in addition, reasonable attorneys' fees.

60.    Plaintiff's date of birth is December 18, 1978.  She was 38 years old at the time of the collision.  She had a minimum life expectancy, pursuant to the U.S. Life Tables, of an additional 43.9 years, and is entitled to compensation for her injuries, damages and losses for the remainder of her life.

## PLAINTIFF DEMANDS TRIAL TO A JURY

WHEREFORE, Plaintiff requests a judgment be entered in favor of Plaintiff and against Defendant USAA, in an amount to fairly and reasonably compensate Plaintiff for her injuries, damages and losses as set forth above; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or is otherwise permitted under Colorado law; for statutory benefits, double damages, attorneys' fees, and other statutory remedies available under Colorado law; and for such other and further relief as to this Court may seem just and proper.

Respectfully submitted this 28th day of February 2018.

**JEFFRESS LAW, PC**

By:    *Signature of Christopher W. Jeffress is on file at the offices of Jeffress Law, PC*

_____

Christopher W. Jeffress

Plaintiff's Address:
920 Sumner Way
Erie CO 80516